UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA BOSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| MEDMANAGEMENT, INC., | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Lisa Boston states the following for her cause of action against defendant MedManagement, Inc.:

## THE PARTIES

1. Plaintiff Lisa Boston is a citizen and resident of Lawrenceburg, Lawrence County, Tennessee.

2. Defendant MedManagement, Inc. is a Tennessee corporation that has its principal place of business in Franklin, Williamson County, Tennessee. Defendant is in the business of managing medical clinics in the southeastern United States.

3. Defendant is an "employer" as defined in the Americans with Disabilities Act as amended by the ADA Amendments Act (ADAAA), 42 U.S.C.

§12111(5) and the Tennessee Disability Act, Tennessee Code Annotated §8-50-103 (TDA).

## JURISDICTION AND VENUE

4. This action is brought under the Americans with Disabilities Act as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §§12101 *et seq.* and the Tennessee Disability Act, Tennessee Code Annotated §8-50-103 (TDA).

5. This Court has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1331 because that claim is a civil action arising under the laws of the United States. This Court also has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights. This Court has supplemental jurisdiction of plaintiff's state law claim under 28 U.S.C. §1367 because this claim is so related to plaintiff's claims under the ADAAA that it forms part of the same case or controversy.

6. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. §1391(b) because defendant is deemed to reside in this district under 28 U.S.C. §1391(c) and because the events giving rise to plaintiff's claims occurred in this district.

## Factual Allegations

7. Plaintiff was employed by MedManagement, Inc. from August 2010 until she was terminated on January 12, 2011.

8. On Monday, January 10, 2011, two days before plaintiff was terminated, plaintiff had an appointment with Dr. Pat Whitworth for breast biopsies to be taken to determine whether plaintiff had breast cancer. During this visit, Dr. Whitworth found that plaintiff had enlarged lymph nodes and referred plaintiff to Dr. Leah Patton for evaluation of the enlarged lymph nodes.

9. On Tuesday, January 11, 2011, plaintiff was unable to work because of the effects of the breast biopsies. Plaintiff had an appointment with Dr. Patton on the morning of January 12, 2011 for evaluation of the enlarged lymph nodes. During this visit, Dr. Patton did some tests and became concerned that plaintiff might have lymphoma, and Dr. Patton told plaintiff that plaintiff needed to be admitted to the hospital immediately for a lymphoma workup.

10. Plaintiff kept defendant informed of her medical visits and condition during the period of January 10 to January 12, 2011. When Dr. Patton told plaintiff that she would have to be admitted to the hospital on January 12, plaintiff immediately notified defendant about the situation. Plaintiff then went to Baptist Hospital from Dr. Patton's office to be admitted for a lymphoma workup.

11. While plaintiff was in the admitting room of Baptist Hospital waiting to be admitted to the hospital, defendant called her to tell her that defendant was firing her from her job. This action was sudden and without notice or prior warning. Defendant fired plaintiff because defendant regarded plaintiff as having a physical impairment that substantially limited one or more major life activities. Up to the point when plaintiff had to have medical testing and evaluations during the period of January 10 to January 12, 2011, she was performing her job in a satisfactory manner and had not been warned or disciplined for any performance issues. The reasons asserted by defendant for plaintiff's termination are false, insufficient to warrant termination, or are not the true reasons for defendant's actions, and are instead pretexts to cover up defendant's unlawful motive.

## COUNT I
## LIABILITY UNDER THE ADA AMENDMENTS ACT

12. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-11 of this Complaint.

13. All conditions precedent to plaintiff's claim under the ADAAA have been satisfied. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue on December 28, 2011, which is attached as Exhibit A to this Complaint.

14. When defendant made the decision to terminate plaintiff, plaintiff was a qualified individual as defined in 42 U.S.C. §12111(8) because plaintiff had the requisite skill, experience, education and other job-related requirements of her job, and, with or without reasonable accommodation, could perform the essential functions of such position..

15. Defendant's decision to terminate plaintiff was made on the basis of an actual or perceived impairment, and defendant therefore regarded plaintiff as disabled as defined in the ADAAA, 42 U.S.C. §12101(3). Defendant's termination of plaintiff on the basis of an actual or perceived impairment constitutes unlawful discrimination against plaintiff in violation of the ADAAA, 42 U.S.C. §12112(a).

16. As a result of defendant's actions, plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

17. Defendant's acts, described above, were done with malice or a reckless disregard for plaintiff's rights under the ADAAA, entitling plaintiff to punitive damages.

## COUNT II
## LIABILITY UNDER THE TENNESSEE DISABILITY ACT

18. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 17.

19. Defendant's actions described above constitute unlawful discrimination in violation of the Tennessee Disability Act, T.C.A. §8-50-103.

20. As a result of defendant's unlawful actions, plaintiff has suffered a loss of employment opportunities and earnings and a loss of future earnings and earning capacity, and plaintiff has suffered, and continues to suffer, non-monetary damages, including, but not limited to, emotional and physical distress, humiliation, embarrassment, loss of esteem, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Based on the allegations of this complaint, plaintiff prays for the following relief:

1. For judgment against defendant for lost wages, compensation and other employment benefits caused by defendant's unlawful actions;

2. For reinstatement with full accrued benefits, or judgment against defendant for front pay in lieu of reinstatement;

3. For judgment against defendant for compensatory damages in an amount to be determined by a jury on plaintiff's ADAAA and TDA claims;

4. For judgment against defendant for punitive damages on plaintiff's ADAAA claim in an amount to be determined by the jury in accordance with 42 U.S.C. §1981a;

5. For pre-judgment and post-judgment interest;

6. For appropriate injunctive relief requiring defendant to cease and desist from violating the ADAAA and TDA as described above, and requiring defendant to immediately cease and desist from enforcing or relying on any customs, policies, or practices that are shown to be in violation of the ADAAA and TDA, and requiring defendant to remove records related to plaintiff's termination from plaintiff's employee file;

7. For reasonable attorney's fees, expert witness fees, litigation expenses and costs in accordance with applicable law, including 42 U.S.C. §12205, 42 U.S.C. §1988(b), and T.C.A. §4-21-311;

8. For such other general or equitable relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

*/s/ Wade B. Cowan*

Wade B. Cowan (S.C. #9403)
Suite 225
150 Second Avenue North
Nashville, Tennessee 37201
(615) 256-8125
wcowan@dhhrplc.com