IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LISA BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **3:12cv0059** |
| | ) | Judge Nixon |
| MEDMANAGEMENT, INC., | ) | Magistrate Judge |
| | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

### INITIAL CASE MANAGEMENT ORDER

Come now the parties, through counsel, and file this Proposed Case Management Order. Pursuant to Local Rule 16.01, the following Initial Case Management Plan is adopted.

1. Jurisdiction and Venue

This Court has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4). This Court has supplemental jurisdiction of plaintiff's state law claim under 28 U.S.C. §1367 because this claim is so related to plaintiff's claims under the ADAAA that it forms part of the same case or controversy. Jurisdiction and venue are not disputed.

2. Theories of the Case

    A. *Plaintiff's Theory of the Case*

Plaintiff was employed by defendant from August 2010 until she was terminated on January 12, 2011. In the three days leading up to her termination, plaintiff was seen and evaluated by at least two physicians for possible breast cancer and lymphoma.

Defendant knew of plaintiff's medical condition and treatments and terminated plaintiff while plaintiff was waiting to be admitted into the hospital for a lymphoma workup. When she was terminated, plaintiff was a qualified individual as defined in the Americans with Disabilities Amendments Act of 2008 (ADAAA), 42 U.S.C. §12111(8) because plaintiff had the requisite skill, experience, education and other job-related requirements of her job, and, with or without reasonable accommodation, could perform the essential functions of such position. Defendant fired plaintiff because defendant regarded plaintiff as having breast cancer or lymphoma, or another physical impairment that substantially limited one or more major life activities. Defendant's decision to terminate plaintiff was made on the basis of an actual or perceived impairment, and defendant therefore regarded plaintiff as disabled as defined in the ADAAA, 42 U.S.C. §12101(3). Defendant's termination of plaintiff on the basis of an actual or perceived impairment constitutes unlawful discrimination against plaintiff in violation of the ADAAA, 42 U.S.C. §12112(a), and the Tennessee Disability Act, T.C.A. §8-50-103.

B. *Defendant's Theory of the Case*

The Defendant is a healthcare management company that provides non-medical administrative services to physicians and to companies owned by physicians. The Plaintiff began working for the Defendant as a temporary contractor on August 31, 2010, and became a full-time employee effective September 13, 2010. She was hired as an Administrative Assistant.

During her employment with the Defendant, the Plaintiff made a number of inappropriate comments about her personal life to other employees and used inappropriate language. The Plaintiff complained about some of her job duties and was generally extremely difficult. She made other employees with whom she worked

extremely uncomfortable.

The Plaintiff's performance was also generally unsatisfactory, for which she was coached and counseled on several occasions. The Plaintiff's attitude, skill set and ability to complete her job in a professional manner decreased with the passing of time. The smallest of projects would become complicated and took long amounts of time. The Plaintiff also had problems with attendance and punctuality.

The Defendant made the decision to terminate the Plaintiff on Friday, January 7, 2011, and intended to inform her of the decision on Monday, January 10, 2011. The Plaintiff did not come to work on January 10, 2011, or the next day. As the Defendant did not know when the Plaintiff would return, she was called on January 12, 2011 and informed of her termination.

The Defendant was terminated for poor work performance. The Defendant was unaware of any medical problems the Plaintiff allegedly had, or that she was purportedly seeking treatment and/or testing for cancer. The Defendant denies discriminating against the Plaintiff either for having a disability, or perceiving her as having a disability.

3. <u>Identification of the Issues</u>

No issues in this case have been resolved. All issues remain for resolution before the Court.

4. <u>Status of Response Pleadings and Service of Process</u>

Plaintiff filed her complaint January 11, 2012. Defendant filed its Answer on February 20, 2012. This Court entered an Order on February 22, 2012, resetting the Initial Case Management from April 2, 2012 to March 12, 2012.

5. <u>Need for Other Claims or Special Issues under Local Rules 13-15 and 17-21 and Federal Rule of Civil Procedure 23</u>

None expected at this time.

6. <u>Witnesses Subject to Supplementation</u>

None known at this time.

7. <u>Mandatory Initial Disclosures and Staging of Discovery</u>

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties are prepared to exchange their mandatory initial disclosures on or before April 12, 2012.

All fact discovery shall be completed by September 28, 2012. All discovery related motions shall be filed no later than October 5, 2012. Before filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

Plaintiff shall reveal any expert witnesses it intends to use at trial, including reports required pursuant to Fed. R. Civ. P. 26, on or before August 31, 2012. Defendant shall make its responsive disclosures, if any, on or before September 28, 2012.

All expert witness depositions shall be completed by October 29, 2012.

8. <u>Dispositive Motions</u>

Any dispositive motions shall be filed by November 9, 2012. The non-moving party shall file a response by December 10, 2012. All replies, if any, shall be filed by December 24, 2013. If dispositive motions are filed early, the response and reply dates shall move up accordingly.

Any motion and response memoranda are limited to twenty-five pages, and replies, if any, are limited to five pages, absent Court permission for longer pleading.

9. <u>Other Deadlines</u>

4

Any motions to amend and/or to add additional parties shall be made by June 1, 2012.

10. Subsequent Case Management Conferences

The parties do not believe that a subsequent case management conference will be necessary.

11. Settlement/Alternative Dispute Resolutions

No settlement or Alternative Dispute Resolution discussions have taken place, but both parties are willing to participate in such discussions. If the parties need the assistance of the Court, they will initiate a request for assistance.

12. Target Trial Date

Jury trial is set to begin on April 23, 2013, at 9:00 a.m. before Senior Judge Nixon. A pretrial conference shall be held on April 12, 2013, at 10:00 a.m. before Judge Nixon. Trial is expected to take 3-4 days.

13. Other Issues and Matters

The default provisions of Administrative Order No. 174 shall apply regarding electronic discovery.

All other issues and matters will be taken up as they arise.

The parties' statements of their theories and the issues of the case shall not be deemed a waiver of any defense or claim that further investigation into the facts of this claim may reveal.

It is so **ORDERED:**

Entered March 12, 2012.

*s/ John S. Bryant*

Honorable Magistrate Judge Bryant

**APPROVED FOR ENTRY:**

**BONE McALLESTER NORTON, PLLC**

BY: /s/ Anne C. Martin
     ANNE C. MARTIN, #15536
     511 Union Street, Suite 1600
     Nashville, TN 37219
     (615) 238-6300 phone
     amartin@bonelaw.com
     *Attorney for Defendant MedManagement, Inc.*

Wade B. Cowan, (S.C. #9403)
150 Second Avenue North, Suite 225
Nashville, TN 37201
(615) 256-8125 phone
wcowan@dhhrplc.com
*Attorney for Plaintiff Lisa Boston*

6

Case 3:12-cv-00059   Document 10   Filed 03/12/12   Page 6 of 6 PageID #: 33